**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1279**

─────────────

JACQUELINE PELT; DON CARZELL PELT; SYRIA PELT,

          Plaintiffs - Appellees,

     v.

PRINCE GEORGE'S COUNTY, MARYLAND,

          Defendant - Appellant,

    and

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARYLAND DEPARTMENT OF STATE POLICE; JOHN DOE MARYLAND STATE POLICE TROOPERS 1-5, in their individual capacities; JOHN DOE PRINCE GEORGE'S COUNTY POLICE OFFICERS 6-10,

          Defendants.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cv-00429-PX; 8:22-cv-00690-PX)

─────────────

Submitted:  December 5, 2023                    Decided:  January 3, 2024

─────────────

Before NIEMEYER, KING, and RUSHING, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Rhonda Weaver, County Attorney, Shelley L. Johnson, Acting Deputy County Attorney, Guy Saint Pol Maydieu, Associate County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellant. Timothy F. Maloney, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prince George's County, Maryland, seeks to appeal the district court's order granting the County's motion to dismiss in part and denying it in part. Specifically, the County appeals the denial of its motion to dismiss Plaintiffs' claim of negligence during the execution of a search warrant by the County's police department. On appeal, the County avers that it is protected by governmental immunity on this claim. Plaintiffs-Appellees have moved to dismiss the appeal as interlocutory.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). "[T]he collateral order doctrine extends our jurisdiction to a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Davis v. City of Greensboro*, 770 F.3d 278, 281 (4th Cir. 2014) (internal quotation marks omitted). "This small class includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (internal quotation marks omitted). Decisions denying governmental immunity from suit qualify for collateral review if they turn on an issue of law. *Id.* at 281-82 (holding that denial of governmental immunity because plaintiffs sufficiently plead factual basis for liability constitutes a final order subject to interlocutory review); *see also Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for

3

the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.").

Here, however, the County waived its claim to governmental immunity (at least at this juncture) by failing to raise it in its motion to dismiss. *See In re Venoco*, 998 F.3d 94, 109 (3d Cir. 2021) (holding that state-created immunity defense is not jurisdictional and, therefore, is waived by the failure to raise it). The claim was first raised in the County's reply brief and then only briefly alluded to at oral argument. *See Grayson O Co. v. Agadir Int'l*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue.") (cleaned up). At the hearing on the motion to dismiss, the district court did not address the issue and instead clearly denied the motion on the basis that the allegations of malice or gross negligence were plausible. Thus, the court concluded that, absent further development of the record, it was unclear whether the County was immune from suit. The court noted that the motion to dismiss could be revisited after discovery.

However, the County argues that the existence of malice or gross negligence is not relevant to the County's claim of governmental immunity and, instead, is applicable only to claims of public official immunity by the individual Defendants. Nonetheless, the correctness of the district court's ruling is only relevant to the merits of this appeal. The preliminary question is whether the order is interlocutory. Because the district court made clear that the issues were factual in nature and that the County was free to file another motion to dismiss on the same grounds after discovery, the order in this case was not conclusive and, as such, is interlocutory and not immediately appealable. *See Al Shimari v.*

4

*CACI Int'l,* 679 F.3d 205, 220 (4th Cir. 2012) (noting that an order is not final if disputed issues of fact exist and if the district court states that it might change its mind after further proceedings).

Accordingly, we grant the motion to dismiss the County's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*